**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roman SIEMZUCH, Defendant-Appellant.**

**No. 71-1550.**

United States Court of Appeals,
Seventh Circuit.

Argued April 13, 1972.

Decided May 23, 1972.

James R. Mattison, Milwaukee, Wis., for defendant-appellant.

David J. Cannon, U. S. Atty., Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before HAMLEY,[*] STEVENS and SPRECHER, Circuit Judges.

PER CURIAM:

In this naturalization proceeding the controversy concerns the form of citizenship oath which must be taken.

Under clause (5) (C) of 8 U.S.C. § 1448(a) the oath prescribed therein provides that a petitioner swear in open court "to perform work of national importance under civilian direction when required by law." When Roman Siemzuch, a Jehovah's Witness and a conscientious objector, was admitted to citizenship by the Circuit Court of Marinette County, Wisconsin, on August 4, 1966, this portion of the prescribed oath was not given. The United States then brought this proceeding pursuant to 8 U.S.C. § 1451(a), to revoke defendant's citizenship because of the defective oath.

* The Honorable Frederick G. Hamley, United States Circuit Judge of the Ninth Judicial Circuit, sitting by designation.

The district court, 312 F.Supp. 928, granted the Government's petition and defendant appealed. At oral argument in this court, defendant's counsel stated that defendant was willing to take this portion of the oath on the understanding that he would not perform work of national importance "that would endanger or cause the death of an individual."

We were of the view that this qualification does not fatally detract from the substance of clause (5) (C) of the prescribed oath. In an unreported order filed February 25, 1971, we therefore reversed the district court order and remanded with directions that defendant should be permitted to swear to clause (5) (C) as so qualified.

In the remanded district court proceedings, however, defendant proposed a further modification of the prescribed oath. The oath he then offered to take, with his proposed new language italicized, reads:

"That I will perform work of national importance under civilian direction that would not endanger or cause the death of an individual *nor would violate my Christian conscience when ordered by a court of competent jurisdiction.*"

The district court refused to administer the oath as proposed by defendant, stating that it was not in accordance with the mandate of this court. Accordingly the district court reinstated its prior order revoking defendant's citizenship. Defendant appeals.

In our opinion, the district court correctly determined that the oath defendant proposed in the remanded proceedings is not in accordance with our mandate. Moreover, it would not, in our view, constitute substantial compliance with the statute prescribing the form of oath.

The condition defendant interposes, that he would not perform work of national importance under civilian direction unless "ordered by a court of competent jurisdiction," would mean that, as a conscientious objector, he would not obey the order of a selective service board to perform civilian work in lieu of military service, as required by law. He would perform such work only if he was convicted for failing to obey such a selective service board order and was thereafter ordered to perform such work by the trial court as a condition of probation. Under no other circumstances would a court of competent jurisdiction have authority to order performance of such work. The citizenship oath does not contemplate such personal resistance to civilian authority.

We need not consider the significance of the additional qualification appellant proposed in the remanded proceedings, namely "nor would violate my Christian conscience."

Affirmed.